UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WALTER RAYMOND** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3052** |
| **UNITED STATES OF AMERICA** | **SECTION: "G"** |

## ORDER AND REASONS

In this litigation, Plaintiff Walter Raymond ("Plaintiff") brings claims against Defendant the United States of America ("Defendant") arising out of a motor vehicle collision.[1] Before the Court is Defendant's Motion for Summary Judgment.[2] In the motion, Defendant argues that Plaintiff's claims are time barred under the Federal Tort Claims Act ("FTCA") because Plaintiff did not file suit until eleven months after receiving an agency denial letter.[3] Plaintiff opposes the motion, arguing that his counsel never received the denial letter.[4] Having considered the motion, the memoranda in support and opposition, the record, and applicable law, this Court grants Defendant's motion.

## I. Background

On February 11, 2019, a collision occurred between Plaintiff's vehicle and a vehicle driven

---

[1] Rec. Doc. 1 at 2.

[2] Rec. Doc. 10.

[3] *Id.* at 1.

[4] Rec. Doc. 12.

1

by Ross David Dykman ("Dykman").[5] According to the Complaint, Dykman is an employee of the National Parks Service ("Parks Service").[6] Plaintiff alleges that Dykman negligently caused the collision, while operating a vehicle owned by Defendant and acting in the scope of his employment.[7] Plaintiff submitted a Standard Form 95 ("Original SF95") describing the injuries he allegedly sustained in the collision to the Parks Service on February 11, 2021.[8] The Original SF95 omitted the total monetary amount claimed.[9] On March 12, 2021, Plaintiff submitted an updated SF95 Form to the Parks Service ("Updated SF95"), which listed a claim amount of $29,000.00.[10]

The Parks Service sent a claim denial letter to Plaintiff's counsel via certified mail on September 10, 2021.[11] The denial letter informed Plaintiff that the claim was denied as time barred under the FTCA's statute of limitations because it was not submitted with a sum certain prior to the two-year deadline for submission of a claim to an agency under the FTCA.[12] The denial letter stated that Plaintiff could seek reconsideration of his claim or alternatively file suit in federal district court "not later than six months after the date on which this letter was mailed."[13] The United States Postal Service tracking services webpage indicates that the letter was

---

[5] Rec. Doc. 10-2 at 1.

[6] Rec. Doc. 1 at 2–3.

[7] *Id.*

[8] Rec. Doc. 10-2 at 1.

[9] *Id.*

[10] *Id.* at 2.

[11] *Id.* at 1.

[12] Rec. Doc. 10-6 at 1.

[13] Rec. Doc. 10-2 at 1.

"delivered, left with individual" on September 21, 2021.[14]

Plaintiff filed a Complaint in this Court on August 30, 2022.[15] On October 10, 2022, Defendant filed the instant motion for summary judgment.[16] Plaintiff opposed the motion on November 8, 2022.[17] On November 16, 2022, Defendant filed its reply.[18]

## II. Parties' Arguments

### A. *Defendant's Motion for Summary Judgment*

Defendant argues that Plaintiff's claims must be dismissed with prejudice because it is time-barred under the FTCA due to Plaintiff's delay in filing suit.[19] Defendant argues that § 2401(b) of the FTCA bars tort claims against the United States unless a claimant commences a civil action within six months after the date of mailing a notice of denial of a claim by the agency to which it was presented.[20] Defendant contends that the Fifth Circuit and district courts within the Fifth Circuit have dismissed FTCA claims as time-barred when a claimant fails to file suit within six months of a denial.[21]

Defendant contends that the denial letter was sent via certified mail on September 10,

---

[14] *Id.* at 2; Rec. Doc. 10-7 at 4.

[15] Rec. Doc. 1.

[16] Rec. Doc. 10.

[17] Rec. Doc. 12.

[18] Rec. Doc. 16.

[19] Rec. Doc. 10 at 1.

[20] Rec. Doc. 10-1 at 3.

[21] *Id.* at 4–5 (citing *Beard v. Bureau of Prisons*, 538 F. App'x. 493, 494 (5th Cir. 2013); *Ellis v. United States Dep't of Veterans Affairs*, 721 F. App'x, 395, 397 (5th Cir. 2018)).

2021, and delivered to Plaintiff's counsel's office on September 21, 2021.[22] Defendant avers that the denial letter informed Plaintiff that he could either request a written reconsideration of the denial or file suit not later than six months after the date on which the letter was mailed.[23] Defendant avers that Plaintiff took no action until filing this suit on August 30, 2022.[24] Thus, Defendant asserts that Plaintiff's claims should be dismissed as time-barred under the FTCA because Plaintiff did not file suit timely as required by § 2401(b).[25]

### B. *Plaintiff's Opposition to Defendant's Motion for Summary Judgment*

In opposition, Plaintiff argues that Defendant has not shown that it delivered the denial letter to Plaintiff's counsel.[26] Plaintiff argues that Defendant had a non-waivable statutory obligation under § 2401 to provide Plaintiff with effective notice of the final denial of his claim so that he could have timely filed suit.[27] Plaintiff asserts that Defendant's purported summary judgment evidence shows that the denial letter was not received by his counsel.[28] Plaintiff asserts that the certified letter slips accompanying Defendant's motion lack any signature indicating receipt of delivery of the certified letter.[29]

Relying on authority addressing tax-deficiency notices, Plaintiff further asserts that there is no presumption of delivery for certified mail where the return receipt is not received by the

---

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] Rec. Doc. 12 at 4.

[27] *Id.*

[28] *Id.*

[29] *Id.*

4

sender.[30] Plaintiff cites persuasive authority to argue that Defendant should have been on notice that Plaintiff's counsel may not have received the letter because Defendant did not receive a signed return receipt.[31] Thus, Plaintiff argues that Defendant should have inquired with Plaintiff's counsel or re-sent the denial letter to initiate the time limitation period under the FTCA.[32]

Plaintiff avers that the unverified USPS tracking webpage, upon which Defendant relies, states that the denial letter at issue was: "left with an individual at the address at 12:25 pm on September 21, 2021," but omits the address that the alleged letter was delivered to and the name of the alleged "individual" that received the letter.[33] Plaintiff argues that Defendant provided defective notice to him.[34] Plaintiff notes that USPS services were inconsistent around the time the Parks Service sent its denial letter because Hurricane Ida impacted the New Orleans area a few weeks prior.[35]

Therefore, Plaintiff alleges that the only notice of the alleged denial of his administrative claim was the August 17, 2022 email sent to his council stating that the denial letter was sent on September 10, 2021.[36] Plaintiff argues that Defendant failed to comply with 28 U.S.C. § 2401(b).[37] Accordingly, Plaintiff argues that Defendant's motion for summary judgment should

---

[30] *Id.* at 5 (citing *Mulder v. Commissioner*, 855 F.2d 208, 212 (5th Cir. 1988)).

[31] *ID.* at 5–8 (first discussing *Moya v. United States*, 35 F.3d 501, 503 (10th Cir. 1994); and then discussing *Matos v. United States*, 380 F. Supp. 2d 36 (D.P.R. 2005)).

[32] *Id.* at 5 (first citing *Moya* 35 F.3d at 503; and then citing *Matos*, 380 F. Supp. 2d at 36).

[33] *Id.* at 5.

[34] *Id.* at 8.

[35] *Id.* at 3.

[36] *Id.* at 9.

[37] *Id.* at 9.

5

be denied because his lawsuit was timely filed after receiving notice on August 17, 2022.[38]

### C.     *Defendant's Reply in Support of its Motion*

In reply, Defendant argues that equitable tolling cannot apply here.[39] Defendant asserts that "while Plaintiff does not expressly argue that equitable tolling should apply . . . [it] is the only legal mechanism that could save Plaintiff's claims."[40] Defendant argues that equitable tolling does not apply because Plaintiff has both failed to prove that he has diligently pursued his rights and "that some extraordinary circumstance stood in his way."[41]

Defendant asserts that Plaintiff's argument that he never received the denial letter due to complications from Hurricane Ida is irrelevant because receipt of the denial letter is immaterial for purposes of the FTCA.[42] Defendant asserts that the Fifth Circuit has found that the plain language of 28 U.S.C. § 2401(b) requires that the statute of limitations begin to run the moment the government *mails* notice of an FTCA claim denial.[43] Defendant further argues that under 28 U.S.C. § 2675(a), Plaintiff could have filed suit six months after he presented his claim to the Parks Service, or any time after August 11, 2021.[44] Defendant points out that another judge in the Eastern District of Louisiana dismissed a case where the plaintiff claimed to have never received the denial letter from the relevant agency and did not file suit until nine months after the six-

---

[38] *Id.*

[39] Rec. Doc. 16 at 1.

[40] *Id.*

[41] *Id.* at 1 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[42] *Id.* at 2.

[43] *Id.* (citing *Beemer v. Holder*, 495 F. App'x. 396, 400 (5th Cir. 2012)).

[44] *Id.* at 3.

month period in § 2675(a) expired.[45] Defendant further points out that Plaintiff relies solely on nonbinding authority from cases not addressing the FTCA in support of his argument that the notice was deficient.[46] Thus, Defendant argues that this Court must grant Defendant's motion because any argument that the denial letter was never received is immaterial.[47]

Defendant further argues that the declaration of Department of the Interior paralegal Robin Deguara ("Deguara") is competent summary judgment evidence.[48] Defendant avers that Deguara's declaration states that Deguara mailed Plaintiff's denial letter on September 10, 2021.[49] Defendant argues that the declaration further states that Deguara "personally searched the tracking number and found that the letter was delivered to Plaintiff's counsel on September 21, 2021."[50] Defendant further argues that the declaration should be considered competent summary judgment evidence because Deguara "has the personal knowledge to attest to actions she took herself."[51] Therefore, Defendant argues that Plaintiff's suit is "untimely and must be dismissed" because the "undisputed evidence proves the denial letter was mailed on September 10, 2021 [and] Plaintiff did not file suit until nearly a year later."[52]

---

[45] *Id.* (citing *Sandoz v. United States*, No. 15-3697, 2016 WL 1545662 at *6 & n.3 (E.D. La. Apr. 15, 2016) (Barbier, J.)).

[46] *Id.* at 3–4.

[47] *Id.* at 4.

[48] *Id.* at 4–5. Defendant notes that the original declaration omitted Deguara's electronic signature as result of a technological failure. *Id.* at 4 &n.4. Defendant attaches a signed declaration to the reply brief. Rec. Doc. 16-1.

[49] Rec. Doc. 16 at 5.

[50] *Id.*

[51] *Id.*

[52] *Id.*

### III. Legal Standard

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[53] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[54] All reasonable inferences are drawn in favor of the nonmoving party.[55] Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[56] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[57] The nonmoving party may not rest upon the pleadings.[58] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[59]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine

---

[53] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[54] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000)).

[55] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Reeves*, 530 U.S. at 150).

[56] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[57] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cites Serv. Co.,* 391 U.S. 253, 289 (1968)).

[58] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[59] *See id.*; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

issue of material fact.[60] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[61] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[62] The nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[63]

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[64] Moreover, the nonmoving party may not rest upon mere allegations or denials in its pleadings.[65]

### IV. Analysis

The Federal Tort Claims Act ("FTCA") offers a limited waiver of sovereign immunity whereby parties can sue the United States for torts committed by federal employees acting within

---

[60] *Celotex*, 477 U.S. at 323.

[61] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (quoting *Little*, 939 F.2d at 1299).

[62] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[63] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[64] *Little*, 37 F.3d at 1075 (internal citations and quotation marks omitted).

[65] *Morris*, 144 F.3d at 380.

the scope of their employment.[66] Although substantive state law controls whether a cause of action is available, federal law governs the statute of limitations for asserting a claim.[67] The FTCA's statute of limitations provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.[68]

The Fifth Circuit has consistently found that "[t]he plain language of 28 U.S.C. § 2401(b) requires that the statute of limitations starts to run the moment the government *mails* notice of an FTCA claim denial."[69] Furthermore, 28 U.S.C. § 2675(a) provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall, and the option of the claimant anytime thereafter, be deemed a final denial of the claim," and the claimant may file his action in federal district court.[70]

In *Beemer v. Holder*, the Fifth Circuit affirmed the dismissal of the plaintiff's FTCA claim because the six-month statute of limitations following the agency denial letter expired four years before the plaintiff filed suit.[71] The plaintiff contended that the statute of limitations for his claim did not expire before he filed suit because he never actually received the government's denial

---

[66] 28 U.S.C. § 1346(b)(1).

[67] *Johnston v. United States*, 85 F.3d 217, 218–19 (5th Cir. 1996).

[68] 28 U.S.C. § 2401(b).

[69] *Beemer v. Holder*, 495 F. App'x. 396, 400 (5th Cir. 2012) (per curiam) (citing *Carr v. Veterans Admin.*, 522 F.2d 1355, 1357 (5th Cir. 1975)). Although an unpublished opinion issued on or after January 1, 1996, is generally not controlling precedent, it may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

[70] *McCallister v. United States*, 925 F.2d 841, 844 (5th Cir. 1991).

[71] *Beemer*, 495 F. App'x. at 400.

letter for his SF95 and the government could not produce a return receipt for the letter.[72] Nonetheless, the Fifth Circuit affirmed the dismissal because receipt of the agency's final decision is immaterial to the analysis of the FTCA's statute of limitations.[73]

Here, Plaintiff brings the same argument.[74] The Department of the Interior sent a claim denial letter to Plaintiff's counsel via certified mail on September 10, 2021.[75] Plaintiff did not file suit until August 30, 2022.[76] Plaintiff's argument that the lack of signature on the certified mail slip proves that the denial letter was not delivered to Plaintiff or his counsel is irrelevant. The governing law in this case is clear that the statute of limitations period runs from the time of mailing, not the time of receipt.

The Court notes that Plaintiff could have preserved his claims had he filed suit within the period allowed under 28 U.S.C. § 2675(a), as it provides that a claim is functionally denied where an agency fails to deliver a response within six months from the submission of a SF95 form. Plaintiff submitted his Updated SF95 form to the Parks Service on March 12, 2021.[77] Plaintiff and his counsel waited seventeen months before asking for an update on the processing of Plaintiff's claims.[78] Therefore, there are no material facts in dispute, and Plaintiff's claims are time-barred under the FTCA.

---

[72] *Id.*

[73] *Id.*

[74] *See* Rec. Doc. 12 at 2 ("No response was received by Plaintiff, or his Counsel, regarding the administrative decision regarding Plaintiff's claim.").

[75] Rec. Doc. 10-2 at 1.

[76] Rec. Doc. 1.

[77] Rec. Doc. 10-2 at 1.

[78] Rec. Doc. 10-8 at 2.

Furthermore, Plaintiff fails to make any argument for equitable tolling of the six-month statute of limitations. Equitable tolling applies to preserve a plaintiff's claims when strict application of a statute of limitations would be inequitable.[79] For the doctrine of equitable tolling to apply, a plaintiff "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[80] While Plaintiff offers some argument to the second element, he offers no argument to prove that he pursued his rights diligently. Plaintiff's seventeen months of inaction from the submission of the Updated SF95 on March 12, 2021, to the filing of the instant suit on August 30, 2022, is insufficient to prove that Plaintiff diligently pursued his rights and the resolution of his claims. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment[81] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims in the above-captioned matter are **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA**, this  20th  day of March, 2023.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[79] *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002); *see also Perez v. United States*, 167 F.3d 913, 917 (5th Cir. 1999) (applying equitable tolling to the statute of limitations under the FTCA).

[80] *Pace*, 544 U.S. at 418.

[81] Rec. Doc. 10.